UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIFTON HALL, ) | |
| ) | Case No. 20-cv-5539 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ALTUS LEGAL, LLC, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This case arises from plaintiff Clifton Hall's failure to pay mortgage payments and the resulting actions by defendant Altus Legal, LLC to try to recover the debt. Before the Court is defendant's motion to dismiss for lack of jurisdiction and failure to state a claim [11]. For the reasons set forth below, the motion is granted.

I. Background

Plaintiff's mother, Dale Cauthen, purchased a home through a Department of Housing and Urban Development ("HUD") program for low-income Chicagoans. As part of the program, Cauthen signed two promissory notes and two mortgages. One promissory note and mortgage was with HUD and the other note and mortgage was with the West Park Place Condominium Association ("WPPCA"), the homeowner's association for the property. Cauthen needed to pay the monthly mortgage payments, homeowner's association ("HOA") assessments, and taxes to comply with the HUD program. Cauthen made the payments until passing away in March 2016.

After Cauthen's passing, plaintiff and plaintiff's sister continued to make the required monthly payments. Plaintiff alleges that the HOA failed to properly process and credit multiple payments in 2018, which led to the HOA charging late fees and attorney's fees for drafting eviction

1

letters. In July 2019, defendant filed a lien against the property for the unpaid assessments, mortgage payments, and taxes that plaintiff claims were, in fact, paid.

In August 2019, defendant told plaintiff that his account was delinquent by $5,957.51. Plaintiff told defendant that the HOA had not credited plaintiff's account for three payments in 2018. The HOA confirmed receipt of two of the payments, but could not find the third payment (for which plaintiff provided a dated receipt). In September 2019, defendant emailed plaintiff that plaintiff was not charged $3,611.16 in legal fees because of misplaced money orders. Rather, the email states, plaintiff was charged those legal fees because plaintiff had been warned for almost a year that "failure to proceed as the Board requires (transfer the deed to your name, pay off your arrearage) will result in foreclosure." In November 2019, defendant filed a foreclosure complaint against plaintiff, seeking to foreclose the lien filed in July 2019. Defendant has attempted to charge plaintiff with the attorney's fees for prosecution of the foreclosure case.

Plaintiff claims that the September 2019 email, maintenance of the lien, and filing of the foreclosure action violate section 1692(d), (e), and (f) of the Federal Debt Collection Practices Act ("FDCPA"). Defendant argues that plaintiff's complaint should be dismissed because (1) plaintiff does not have standing and (2) plaintiff's complaint fails to state a claim.

**II.      Legal Standard**

The ability of federal courts to hear cases stems from the Article III of the Constitution, which allows them to resolve "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Accordingly, a threshold requirement for bringing a case in federal court is standing. As the proponent of subject matter jurisdiction, Hall must show (1) he suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007 (7th Cir. 2021). At the pleading

stage, the court must determine whether the complaint clearly alleges facts demonstrating each required element. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (internal citations omitted).

### III. Analysis

The parties dispute the first element of standing: that plaintiff suffered an injury in fact that is "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021). Such harms may include causing a plaintiff to pay extra money, affecting a plaintiff's credit, or otherwise altering a plaintiff's response to a debt. *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). Defendant argues that plaintiff has not alleged a concrete harm. Plaintiff argues that he suffered concrete harm in the form of (1) confusion and emotional distress, (2) having to defend himself in the related foreclosure action, (3) shame and embarrassment from having notices posted to his door, and (4) the threat of being dispossessed from his home.

Confusion alone cannot establish standing; a plaintiff must allege that he took some detrimental step because of the confusion. *See, e.g., Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021). One such detrimental step could be paying something that is not owed. *Smith*, 986 F.3d at 710. But plaintiff did not pay the disputed amounts and does not allege that he took a detrimental step because of the confusion. The Seventh Circuit has also noted that "purely psychological harm" does not establish standing. *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015); *see also Wadsworth v. Kross, Lieberman & Stone, Inc.*, No. 19-1400, 2021 WL 3877930 at *3 (7th Cir. Aug. 31, 2021) (stating that stress, anxiety, embarrassment, annoyance, indignation, and confusion without resulting detriment are not injuries in fact). Plaintiff's claimed harms are largely pure psychological harm (confusion, emotional distress, shame, embarrassment, and distress from the threat of dispossession). These harms cannot establish standing.

The remaining claimed harm is the defense in the related foreclosure action and the possibility of losing the home. This circuit is clear that hiring a lawyer cannot establish standing. *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) (stating that "[a] desire to obtain legal advice is not a reason for universal standing"). Since hiring a lawyer cannot establish standing, "having to defend himself" is not a harm sufficient for standing.

Plaintiff claims that the fact that he "stood firm, defended himself, and refused to pay does not render him uninjured." Plaintiff is incorrect; his dispute of the debt and refusal to pay means he has not been injured. *See Markakos*, 997 F.3d 778 at 779-780 (holding that the plaintiff lacked standing for an FDCPA claim because she admitted to properly disputing the debt and not overpaying). Further, none of plaintiff's claimed harms are clearly alleged in the complaint; they are only brought up in plaintiff's opposition to the motion to dismiss. The complaint merely makes vague reference to emotional distress, embarrassment, reputational damage, and financial harm caused by defendant's conduct.

Plaintiff has not suffered an injury-in-fact and does not have standing. Plaintiff attempts to use the federal courts to litigate an alleged FDCPA violation that did not concretely injure him. *See Larkin*, 982 F.3d at 1066-1067. This is impermissible. *Id.* Since the Court dismisses for lack of jurisdiction, it does not need to address defendant's motion to dismiss for failure to state a claim.

### IV. Conclusion

The Court does not have subject matter jurisdiction over this case. Defendant's motion to dismiss [11] is granted. **IT IS SO ORDERED**.

Date: September 17, 2021        Entered: _____
                                SHARON JOHNSON COLEMAN
                                United States District Court Judge